Present: All the Justices

FAR EAST BANK/VIEN DONG
NGAN HANG, ET AL.

OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.  Record No. 981335                April 16, 1999

VINH Q. DANG, ET AL.

FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
Donald M. Haddock, Judge

In this appeal, Far East Bank and its purported

shareholders seek to recover a portion of a fund deposited

with the general receiver of the circuit court.  The

dispositive issue we consider is whether the appellants have

established that they are shareholders of the Bank, which was

allegedly expropriated by the government of Vietnam.

The procedural history of this case is complex and

involves many facts which are not pertinent to our resolution

of this appeal.  We will discuss only those facts which are

essential to the precise issues presented here.

Vinh Q. Dang and Dien Van Phan, shareholders in Donai

Construction and Industrial Company, t/a Docico Corporation

(DOCICO), filed an amended bill of complaint requesting that

the circuit court determine their interests in a fund in the

sum of $1,002,892.03 held by the Crestar Financial

Corporation.  The circuit court entered an order of

publication to provide notice to all persons who may have

interests in the fund.  Appellants, Far East Bank and its

alleged shareholders, Hong Thi Nguyen, Vuong Trieu Ly, Tuyen Thi Vuong, Minh K. Nguyen, Toan Cao Phan, and Nguyen Khac Quyen, filed a notice of claim asserting that Far East Bank had made a loan to DOCICO in the amount of $1,301,707, and that these purported shareholders were entitled to repayment of the loan from the funds held by Crestar Financial Corporation on behalf of DOCICO.

The appellees, who are creditors or shareholders of DOCICO, filed pleadings and asserted various interests in the fund.[*] The chancellor ordered that Crestar Financial Corporation deposit the fund with the court's general receiver, and the chancellor referred the matter to a commissioner in chancery who heard the following evidence.

In 1973, DOCICO, which was organized in Saigon, Vietnam, executed a construction contract with the United States Agency for International Development. Pursuant to the terms of that contract, DOCICO performed highway construction work in Vietnam. In 1975, the Agency for International Development suspended work on DOCICO's construction project because of

---

[*] The appellees are: Vinh Q. Dang, Dien Van Phan, Nguyen Ngoc Dung, Nguyen Ngoc Lan, The Estate of Nguyen Van Chung, Ha Van Sanh, Nguyen Dang But, Ha Ngoc Long, Ha Ngoc Min, Chuong Quoc Lai, The Estate of Man Lai, Nguyen Van The, Tran Van Cuong, Lai Nam Huong, The Estate of Phu Than Vo, Thai Bin Huynh, Thomas R. Averna, Construction and Industrial Development Corporation, Ltd., My Nguyen, and Julien Graystone.

2

events occurring in the Vietnam War. At the time of the suspension of work, the Agency for International Development owed DOCICO money for work performed. DOCICO, in turn, owed money to its subcontractors.

In 1980, DOCICO's shareholders voted to pursue a claim on behalf of DOCICO against the United States government for payment for work performed. In 1987, appellant, Nguyen Khac Quyen, who is also a shareholder of DOCICO, filed an application for a license with the United States Treasury Department, Office of Foreign Assets Control, and sought permission to recover on behalf of DOCICO the sums that the United States owed DOCICO. Quyen stated under oath that he had personal knowledge of all facts contained in the application and that no one other than those persons identified in the application had any interest in the fund that DOCICO sought to recover from the United States. Quyen specifically did not identify any claim on behalf of Far East Bank, a corporation of which he claimed to have been an officer and director since the early 1970s. Additionally, Quyen did not list Far East Bank on the application even though he testified later that he personally approved the loan that Far East Bank purportedly made to DOCICO.

Quyen testified that when he was president or chairman of Far East Bank in 1974, representatives of DOCICO requested a

3

loan so that it could perform the construction contract with the Agency for International Development. Far East Bank approved the loan, and the Bank executed promissory notes with DOCICO. Quyen believed that the original promissory notes are in Saigon in the possession of Far East Bank, which he assumed had been "nationalized or . . . expropriated . . . by the government of Vietnam."

Quyen also testified that he was president or chairman of Far East Bank and that he owned about 30% of the stock in that Bank. He was not asked, and he did not testify, about any other information relevant to the Bank's issuance of stock.

Ha Van Sanh, a shareholder in DOCICO, testified that he met with Quyen on behalf of DOCICO in 1974 and requested a loan. Sanh stated that he, along with other DOCICO shareholders, paid the loan, or a portion of it, in return for permission from the government of Vietnam to leave that country. In 1992, the United States government settled DOCICO's claim by paying the sum of $1,002,892.03 in an account with the Crestar Financial Corporation in Virginia.

At the conclusion of a two-day hearing, the commissioner ruled, among other things, that the purported shareholders of Far East Bank failed to present any evidence that they "ever held any stock ownership in Far East Bank which was located in Saigon, Vietnam." The chancellor overruled the purported

shareholders' objections to the commissioner's report and, subsequently, the chancellor entered a decree which determined the litigants' interests in the fund.

On appeal, Far East Bank and its purported shareholders argue, among other things, that the chancellor erred by approving the commissioner's report because they claim that they established that they are shareholders in Vietnamese Far East Bank. Responding, the DOCICO shareholders and creditors assert that Far East Bank's purported shareholders failed to establish that they own any interests in that Bank.

We will apply our well-established standard of review in resolving this appeal. A decree which approves the commissioner's report will be affirmed unless plainly wrong or without evidence to support it. Chesapeake Builders, Inc. v. Lee, 254 Va. 294, 299, 492 S.E.2d 141, 144 (1997); Firebaugh v. Hanback, 247 Va. 519, 525, 443 S.E.2d 134, 137 (1994); Hill v. Hill, 227 Va. 569, 576-77, 318 S.E.2d 292, 296-97 (1984). Even though the report of a commissioner in chancery does not carry the weight of a jury verdict, Code § 8.01-610, the report should be sustained by the chancellor if the commissioner's findings are supported by the evidence. This rule applies with particular force to factual findings in the report which are based upon evidence heard by the commissioner, but does not apply to pure conclusions of law

5

contained in the report. Chesapeake Builders, Inc., 254 Va. at 299, 492 S.E.2d at 144; Morris v. United Virginia Bank, 237 Va. 331, 337-38, 377 S.E.2d 611, 614 (1989); Hill, 227 Va. at 576-77, 318 S.E.2d at 296-97.

Applying these principles, we hold that the record supports the chancellor's decree sustaining the commissioner's ruling that the purported shareholders failed to prove that they owned any stock interest in Far East Bank located in Saigon, Vietnam. The record is simply devoid of any evidence that Vuong Ly, Hong Nguyen, Tuyen Vuong, Minh Nguyen, or Toan Phan owned any stock in the Bank. No witness testified that these claimants were shareholders of the Vietnamese bank.

It is true that Quyen testified that he owned 30% of the stock of Far East Bank in Vietnam in 1974. However, the commissioner, who saw, heard, and evaluated Quyen's testimony, apparently did not believe him. And, the commissioner was not required to accept Quyen's testimony because Quyen's testimony about material factual issues was contradicted by other witnesses and a sworn statement that he had signed. See Zirkle v. Commonwealth, 189 Va. 862, 870, 55 S.E.2d 24, 29 (1949); Limbaugh v. Commonwealth, 149 Va. 383, 398, 140 S.E. 133, 137 (1927). Thus, we cannot conclude, based upon the record before us, that the commissioner erred by rejecting Quyen's testimony.

We also observe that appellant Minh Nguyen testified that a bank located in California is also known as the Far East Bank. Nguyen stated that this particular bank is "recognized by the government in California and is now a corporation or a company of the California State." Nguyen testified that he owned 283 shares in a bank, but the commissioner, who observed Nguyen and heard his testimony, found that Nguyen did not own stock in the Vietnamese Far East Bank, but that he owned stock in the California bank.

The undisputed evidence of record reveals that the purported shareholders planned to convene a meeting and decide what to do with any proceeds they may have acquired as a result of this litigation. Quyen testified that he did not even know whether the appellant Far East Bank "still exists." Even though Far East Bank is a party in this appeal, the record is devoid of any evidence that either the Bank's board of directors or its officers authorized anyone to assert a claim in this proceeding. See Code §§ 13.1-673, -693, and -694. Thus, the chancellor did not err in rejecting the Bank's claim.

In view of our disposition of this appeal, we need not consider the litigants' remaining arguments. Accordingly, we will affirm the chancellor's decree, and we will remand this

proceeding so that the chancellor may supervise the distribution of the fund held by the general receiver.

<u>Affirmed and remanded</u>.